Filing # 70104009 E-Filed 04/02/2018 02:30:55 PM

IN THE **CIRCUIT** COURT, **FOURTH** JUDICIAL CIRCUIT, IN AND FOR **DUVAL** COUNTY, FLORIDA

CASE NO.:

DIVISION:

**DR. STEVEN RHODES,**

**Plaintiff,**

vs.

**DETECTIVE PAUL ROBBINS, in his individual capacity,**

**Defendant.**

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dr. Steven Rhodes, hereby sues Defendant, Paul Robbins, and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages in excess of $15,000.00, exclusive of interest and costs, for the deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

2.      Plaintiff's claims are brought pursuant to 42 U.S.C. §§ 1983 and 1988, which authorize actions to redress the deprivation, under color of state law, of rights, privileges, and immunities guaranteed to Plaintiff under the United States Constitution. This Court has concurrent jurisdiction over federal claims which arise pursuant to 42 U.S.C § 1983 under the United States Constitution.

1

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 04/03/2018 09:43:57 AM

3.      Venue is proper in Duval County as the cause of action accrued in Duval County.

## PARTIES

4.      Plaintiff, Dr. Steven Rhodes ("Plaintiff"), was, at all times material hereto, a resident of Duval County, Florida, a citizen of the United States, and a licensed chiropractic physician by the State of Florida.

5.      Defendant, Paul Robbins, was, at all times material hereto, a law enforcement detective with the Florida Department of Insurance Services, Division of Insurance Fraud (DIF). At all times relevant to this case, Defendant Robbins acted under color of state law.

## FACTUAL ALLEGATIONS

6.      Plaintiff has been licensed as a chiropractic physician in the State of Florida since 1981.

7.      Acting on tips from a disgruntled former patient and a man jealous of Plaintiff because Plaintiff dated the man's former girlfriend, Defendant began to investigate Plaintiff in February of 2014.

8.      The investigation culminated in Defendant seeking a warrant for Plaintiff's arrest on April 3, 2014.

9.      More specifically, on April 3, 2014, Defendant presented an affidavit for arrest warrant to Duval County Judge John Moran.

10.     In the affidavit, Defendant alleged that Plaintiff had committed seven counts of making false and fraudulent insurance claims in violation of § 817.234(1)(a) 1, and one count of schemes to defraud in violation of § 817.034(4)(a) 3.

11.     Based upon Defendant's affidavit, Judge Moran ultimately issued a warrant for

2

Plaintiff's arrest, and armed with that warrant, Defendant arrested Plaintiff the next day (April 4, 2014).

12.    As set forth below, however, the warrant affidavit presented to Judge Moran by Defendant was full of false statements and material omissions which would have vitiated any probable cause to arrest Dr. Rhodes for the crimes alleged.

13.    To begin, Defendant indicated in his affidavit that during his investigation, seven patients were interviewed. Several of these patients (R.G., M.S., and A.N.) have flatly denied what the Defendant alleges he was told by them during their interviews. Thus, Defendant's inclusion of any alleged fraud by Plaintiff relating to these patients is false.

14.    Other patients interviewed who were mentioned as having been overbilled by Plaintiff in the affidavit made claims that were incredulous.

15.    For example, patient D.B. indicated that she had been pregnant since May of 2013, so her insurance company should not have been billed for a particular treatment which would have ceased being administered to her upon advising Plaintiff of her pregnancy. In reality, her medical records, which Defendant had copies of, reflect that she did not advise Plaintiff of her pregnancy until August of 2014. Her child was born in April of 2014. Nobody stays pregnant for 11 months. Thus, her claim of being pregnant in May of 2013 is incredulous. Defendant omitted this information from his warrant affidavit.

16.    Patient O.V. originally reported to Defendant that she had been billed over $56,000.00 by the Plaintiff. However, a review of her bill shows that she was billed nothing close to that amount. Indeed, even Defendant's affidavit only alleges $2,734.00 of billing for "unauthorized treatment." O.V. also claimed that she was billed for certain services that she claims

3

were not performed. However, patient O.V. had an independent medical evaluation (IME) done by another doctor in November of 2013 and during that evaluation (a copy of which Defendant possessed), she stated to that doctor that she was receiving the treatments at issue on a regular basis. Defendant omitted this information from his warrant affidavit.

17.     Beyond the outright material falsities and omissions previously mentioned, the Defendant conducted his investigation with a total misunderstanding of the law.

18.     Underlying Defendant's whole affidavit is a claim that Plaintiff billed insurance companies "for manual therapy under CPT 97140," but the treatment notes revealed treatment by individuals who were not "licensed massage therapists."

18.     The Current Procedural Terminology (CPT) code set is a medical code set maintained by the American Medical Association through the CPT Editorial Panel. The CPT code set (copyright protected by the AMA) describes medical, surgical, and diagnostic services and is designed to communicate uniform information about medical services and procedures among physicians, coders, patients, accreditation organizations, and payers for administrative, financial, and analytical purposes. Relevant here, it is used for billing purposes and each type of medical procedure has its own CPT code number.

19.     As indicated in the affidavit, Rhodes was billing for manual therapy under CPT code 97140. Notably, massage therapy has a different CPT code (97124). Defendant omitted this fact from the affidavit.

20.     Under Florida law, a chiropractic physician can bill for such manual physical therapy when it is performed by medical assistants incidental to the practice of the physician. Indeed, this type of billing arrangement has been sanctioned by the Florida courts. *See State Farm*

4

*Mutual Automobile Insurance Company vs. Universal Medical Center of South Florida, Inc.*, 881
So.2d 557, 560-561 (Fla. 3d DCA 2004).

21.     Put simply, Defendant's claim that Plaintiff violated the law by billing for manual
therapy was incorrect.

22.     Finally, there was another recurrent theme of Defendant's investigation which was
an allegation that Plaintiff overbilled for units of manual therapy.

23.     In particular, that Plaintiff would bill for two units of manual therapy when only
one was provided.

24.     As with the other issues relating to manual therapy above, it appears Defendant and
some of those he interviewed did not understand how billing for CPT 97140 (manual therapy)
works.

25.     Per the federal government's CMS Medicare manual, a manual used by all
insurance companies for construing and interpreting CPT codes, there is an "8-minute rule" for
manual therapy. Under this rule, as long as the manual therapy session lasts at least 23 minutes,
then a provider may bill for two units.

26.     Here, it appears Defendant and those he interviewed (including a therapist who
worked for Plaintiff named M. Ross) operated under the belief that each unit had to consist of an
entire 15-minute session of hands on therapy, and unless the session lasted 30 minutes, then only
one unit of manual therapy could be billed.

27.     Defendant did not include this information in his affidavit nor the fact that Ross
informed him she would shred slips when therapy ordered by Plaintiff was not performed by her.

5

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE – FALSE ARREST

28.     Paragraphs 1 through 27 above, are realleged and incorporated by reference herein.

29.     Defendant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for the warrant for Plaintiff's arrest, and such statements or omissions were necessary to the finding of probable cause to issue said warrant.

30.     Without Defendant's false statements and/or material omissions there was not probable cause for issuance of a warrant for Plaintiff's arrest.

31.     As result of warrant procured by Defendant, Plaintiff was arrested without probable cause or even arguable probable cause.

32.     Defendant's actions in knowingly and deliberately, or with a reckless disregard of the truth, making false statements or material omissions in his application for the warrant for Plaintiff's arrest, where such statements or omissions were necessary to the finding of probable cause to issue said warrant and procuring a warrant by such means constituted an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

33.     The actions and inactions alleged above were undertaken with Defendant's willful, wanton, callous and knowing disregard to the clearly established rights of Plaintiff under the law to be free from unreasonable searches and seizures.

34.     As a direct and proximate result of Defendant's unlawful search and seizure,

Plaintiff suffered damages, including but not limited to, loss of liberty, monetary loss of earnings, injury to reputation, physical injuries, humiliation, and severe emotional and psychological distress.

WHEREFORE, Plaintiff, Dr. Steven Rhodes, demands judgment against Defendant Paul Robbins, individually, for:

      (a)     actual and compensatory damages;

      (b)     punitive damages;

      (c)     an award of attorney's fees and costs; and

      (d)     any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all issues so triable.

7

Respectfully submitted,

Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:     (904) 356-9667
Email: sheplaw@sheppardwhite.com
COUNSEL FOR PLAINTIFF

md[rhodes.steven.complaint]

8