UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DR. STEVEN RHODES,

    Plaintiff,

v.                                      Case No.: 3:18-cv-673-J-34JBT

DETECTIVE PAUL ROBBINS, in his
individual capacity,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S THIRD AMENDED COMPLAINT

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), Defendant, Detective Paul Robbins ("Detective Robbins"), requests this Court enter an Order dismissing Plaintiff's Third Amended Complaint and Demand for Jury Trial ("Complaint") for failure to state a claim upon which relief may be granted. In support of this Motion, Defendant states:

### BACKGROUND

1.    Plaintiff filed the Complaint in this case on April 2, 2018 in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. Defendant was served on May 3, 2018.

2.    On May 23, 2018, Defendant filed a Notice of Removal in both state and federal court, removing this action to the United States District Court, Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. § 1441.

3.    On August 6, 2018, Plaintiff filed a Third Amended Complaint and Demand for Jury Trial.

4. The Third Amended Complaint contains one count against Defendant for Fourth Amendment Violation for Unreasonable Seizure under 42 U.S.C. §§ 1983 and 1988.[1]

5. Plaintiff's claim for "Unreasonable Search and Seizure – False Arrest" should be dismissed with prejudice for failure to state a claim under Rule 12(b)(6).

## MEMORANDUM OF LAW

### I. Standard for a Motion to Dismiss

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, the factual allegations made in a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that a plaintiff has an obligation to provide a basis or grounds for relief, and it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In that regard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and if a plaintiff "ha[s] not nudged his claims across the line from conceivable to plausible, his complaint must be dismissed." *Id.* at 570.

In addition, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1009-10 (11th Cir. 1992). A court may grant a motion to dismiss if the defendant demonstrates beyond a doubt that the plaintiff will be unable to prove any set of facts that would entitle the plaintiff to relief for his claim. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (citations omitted).

---

[1] (Doc. 22) Third Amended Complaint and Demand for Jury Trial (hereinafter "Third Amended Complaint").

## II. Plaintiff's claim for false arrest is barred by qualified immunity

Qualified immunity "is intended to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1289 (S.D. Fla. 2012) (quoting *Brown v. City of Huntsville*, 608 F.3d 724, 733 (11th Cir. 2010)). "Under the doctrine of qualified immunity, government officials acting within their discretionary authority are immune from suit unless the official's conduct violates clearly established constitutional rights of which a reasonable person would have known." *Woodring v. Hart*, No. 614-cv-1067-Orl-37TBS, 2015 WL 2238056, at *2 (M.D. Fla. May 12, 2015) (citing *Keating v. City of Miami*, 598 F.3d 753, 760 (11th Cir. 2010)). "Because qualified immunity is a defense not only from liability, but also from suit, it is important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *Carter v. DeKalb Cnty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (citation and internal quotation marks omitted). "Thus, unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.*

### A. Detective Robbins was acting within the scope of his discretionary authority

"In order to receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Orta v. City of Orlando*, No. 6:14-cv-1835-Orl-41GJK, 2015 WL 2365834, at *2 (M.D. Fla. May 18, 2015) (citation omitted). "To determine whether an official was engaged in a discretionary function, we consider whether the acts the official undertook are of a type that fell within the employee's job responsibilities." *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1333

(11th Cir. 2004). "A government official proves he acted within his discretionary authority by showing 'objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.'" *McKally v. Perez*, 87 F. Supp. 3d 1310, 1314 (S.D. Fla. 2015) (quoting *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991)). "The remaining burden is on Plaintiff." *Orta*, 2015 WL 2365834, at *2.

Here, the Complaint alleges that Detective Robbins was acting under color of state law in his capacity as a law enforcement detective employed with the Florida Department of Insurance Services, Division of Insurance Fraud (the "Division") at all times relevant to Plaintiff's claims.[2] Moreover, the Complaint alleges that Detective Robbins, acting as an officer of the Division, arrested Plaintiff pursuant to an executed arrest warrant by Judge Moran.[3] These actions were carried out only as a result of Detective Robbins' employment with the Division and were clearly within his job responsibilities. *See McKally v. Perez*, 87 F. Supp. 3d 1310, 1314 (S.D. Fla. 2015) (noting the parties did not dispute that an officer was acting within the scope of his discretionary authority when placing an individual under arrest). Therefore, because Detective Robbins was acting within the scope of his discretionary authority, the burden is on the Plaintiff to demonstrate that his conduct amounted to a constitutional violation of clearly established law. *See Bennett v. Hendrix*, 423 F.3d 1247, 1250 (11th Cir. 2005) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)).

---

[2] (Doc. 22) Third Amended Complaint ¶¶ 5, 11.
[3] (Doc. 22) Third Amended Complaint ¶ 11; *see also* Affidavit for Arrest Warrant, attached as Exh. A. "[A] court may take judicial notice of matters of public record, including arrest warrants, and consider those facts in resolving a motion to dismiss." *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1341 (M.D. Fla. 2017); *see e.g. McDowell Bey v. Vega*, 588 Fed. App'x 923, 926 (11th Cir. 2014); *Brivik v. Law*, 545 Fed. App'x 804, 806 (11th Cir. 2013); *Perez v. Harrelson*, No. 6:15–cv–879–Orl–37GJK, 2016 WL 866590, at *6, n. 6 (M.D. Fla. Mar. 7, 2016). Moreover, the court must "take judicial notice if a party requests it and the court is supplied with the necessary information." Rule 201(c)(2) of the Federal Rules of Evidence.

### B. Detective Robbins did not violate Plaintiff's clearly established constitutional rights and is entitled to qualified immunity

"A right is clearly established if the officer – at the pertinent time and given the specific circumstances of this case – had fair notice that [his] conduct would violate clear federal law." *Williams v. Morahan*, 539 F. App'x 934, 937 (11th Cir. 2013) (citations and internal quotation marks omitted). "The right must be clear enough that any reasonable officer would understand that what he is doing violates that right." *Carter v. DeKalb Cnty., Ga.*, 521 Fed. App'x 725, 728 (11th Cir. 2013). "In other words, officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Gibbons v. McBride*, No. CV 114-056, 2015 WL 5017021, at *5 (S.D. Ga. Aug. 21, 2015) (citation and internal quotation marks omitted).

Detective Robbins is entitled to qualified immunity because he did not violate Plaintiff's clearly established constitutional rights. The Complaint alleges that Detective Robbins violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.[4] However, Detective Robbins did not violate Plaintiff's rights because he was performing his duties according to Section 626.989, Florida Statutes, and under the direction of the Division. Section 626.989, Florida Statutes, that provides,

> (2) If, by its own inquiries or as a result of complaints, the department or its Division of Investigative and Forensic Services has reason to believe that a person has engaged in, or is engaging in, a fraudulent insurance act, an act or practice that violates s. 626.9541 or s. 817.234, or an act or practice punishable under s. 624.15, it may administer oaths and affirmations, request the attendance of witnesses or proffering of matter, and collect evidence. The department or its Division of Investigative and Forensic Services shall not compel the attendance of any person or matter in any such investigation except pursuant to subsection (4).

Fla. Stat. § 626.989(2).

---

[4] (Doc. 22) Third Amended Complaint at ¶ 40.

{00355780 1} 5

Pursuant to Section 626.989(2), Florida Statutes, Detective Robbins was entitled to begin or conduct an investigation based on the Division's belief Plaintiff engaged in or was engaging in a fraudulent insurance act. Plaintiff alleges that the information in Detective Robbins' Affidavit for Arrest Warrant is false or contains material omissions, however, the Complaint does not contain sufficient allegations to support this conclusory statement. Plaintiff alleges that Detective Robbins' Affidavit for Arrest Warrant was "full of false statements and material omissions," it was based on a "total misunderstanding of the law," and that Detective Robbins "made false statements or material omissions."[5] Further, Plaintiff alleges that Defendant "conducted his investigation with a total disregard and misunderstanding of the law" as it relates to billing codes "for manual therapy." Notably, Plaintiff's Third Amended Complaint does not contain any allegations that this was false, rather that it was "incorrect" or a "misunderstanding of law."[6] Even though Plaintiff alleges specific instances where Detective Robbins' Affidavit for Arrest Warrant is false or contains material omissions, Plaintiff's allegations do not vitiate the totality of circumstances surrounding the Affidavit for Arrest Warrant nor completely absolve Detective Robbins' finding of probable cause. *See German v. Sosa*, 399 Fed. App'x 554, 556 (11th Cir. 2010) ("To determine whether arguable probable cause exists, courts must look to the totality of the circumstances.") (citing *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006)). Moreover, qualified immunity "gives ample room for mistaken judgments" but does not protect "the plainly incompetent or those who knowingly violate the law." *Kingsland v. City of Miami*, 382 F.3d 1220, 1231–32 (11th Cir. 2004) (citing *Malley v. Briggs*, 475 U.S. 335, 343 (1986)). Based on the foregoing, as well as the Affidavit for Arrest Warrant, a reasonable officer in his position, at that point in time, would have believed that Plaintiff's conduct violated state

---

[5] (Doc. 22) Third Amended Complaint ¶¶ 12, 18, and 34.
[6] (Doc. 22) Third Amended Complaint ¶¶ 18-23.

{00355780 1}　　　　　　　　　　　　　　　　6

law and Detective Robbins is entitled to qualified immunity. *See German*, 399 Fed. App'x at 556 ("Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the [Defendant] could have believed that probable cause existed to arrest Plaintiff.") (citing *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 734 (11th Cir.2010)); *see also Vaughan v. Fla. Dept. of Agriculture and Consumer Serv.*, 920 So. 2d 650, 653 (Fla. 4th DCA 2005) (affirming the dismissal of claims on the basis of qualified immunity where inspectors were acting pursuant to their authority under a Florida Statute and under the direction of the department).

### C. Detective Robbins had arguable probable cause to arrest Plaintiff and is entitled to qualified immunity

"In the false arrest context, the existence of probable cause at the time of arrest constitutes an absolute bar to the [§ 1983] claim." *Lawson v. City of Miami Beach*, 908 F. Supp. 2d 1285, 1289 (S.D. Fla. 2012) (citation and internal quotation marks omitted). "If an officer has arguable probable cause, his actions have not violated clearly established law, and the officer is entitled to qualified immunity." *Olin v. Scales*, No. 6:12-cv-1455-Orl-28TBS, 2014 WL 1621952, at *5 (M.D. Fla. April 22, 2014). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff." *Id.* "Furthermore, the qualified immunity analysis turns only on whether actual probable cause existed to arrest a defendant, and it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." *Lawson*, 908 F. Supp. 2d at 1289. "In fact, qualified immunity will protect officers who make good faith mistakes." *Id.*; *see also German*, 399 Fed. App'x at 556 (citing *Garczynski v. Bradshaw*, 573

F.3d 1158, 1167 (11th Cir. 2009) (Qualified immunity "protects officers who 'reasonably but mistakenly conclude that probable cause is present.'").

Here, the Complaint alleges that Detective Robbins arrested Plaintiff for (1) seven counts of making false and fraudulent insurance claims, and (2) one count of schemes to defraud.[7] The first offense alleged by Plaintiff – making false and fraudulent insurance claims – is codified in Section 817.234(1)(a)(1), Florida Statutes, which provides,

> [a] person commits insurance fraud . . . if that person, with the intent to injure, defraud, or deceive any insurer . . . [p]resents or causes to be presented any written or oral statement as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy or a health maintenance organization subscriber or provider contract, knowing that such statement contains any false, incomplete, or misleading information concerning any fact or thing material to such claim.

Fla. Stat. 817.234(1)(a)(1). The second offense of schemes to defraud is prohibited in Section 817.034, Florida Statutes, which states, a scheme to defraud is "a systematic, ongoing course of conduct with intent to defraud one or more persons, or with intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act" and "[a]ny person who engages in a scheme to defraud and obtains property thereby is guilty of organized fraud . . . ." Fla. Stat. § 817.034(2)(d) & (4)(a).

The allegations in the Complaint and the Affidavit for Arrest Warrant, attached as **Exhibit A**, demonstrate that Detective Robbins had arguable probable cause to arrest Plaintiff for making false and fraudulent insurance claims and schemes to defraud. Detective Robbins conducted his investigation pursuant to his statutory authority and presented his Affidavit for Arrest Warrant which was executed by Judge Moran on April 3, 2014.[8] The Affidavit for Arrest Warrant speaks for itself.[9] The Affidavit for Arrest Warrant contains sufficient statements that a

---

[7] (Doc. 22) Third Amended Complaint ¶ 10.
[8] (Doc. 22) Third Amended Complaint ¶ 9-11.
[9] Exh. A, Affidavit for Arrest Warrant.

reasonable officer in these circumstances would have believed that there was probable cause to charge Plaintiff with the offenses listed under Sections 817.234(1)(a)(1) and 817.034.

### D. The Complaint fails to state a claim for false arrest against Detective Robbins

As an initial matter, Plaintiff's Complaint should be dismissed because he was arrested pursuant to a warrant. *See Woodring*, 2015 WL 2238058 at *3 ("[Plaintiff's] § 1983 false-arrest claim fails from the outset because he was arrested pursuant to a warrant.") Moreover, "[i]n order to prevail on a claim under [Section] 1983, the plaintiff must demonstrate both (1) that the defendant deprived him of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1338 (M.D. Fla. 2017). A false arrest is "defined as 'the unlawful restraint of a person against his will, the gist of which action is the unlawful detention of the plaintiff and the deprivation of his liberty." *Id.* (citing *Bartley v. Kin's Enter. of Orlando*, 568 Fed. App'x 827, 834 (11th Cir. 2014)). "Under Federal law, an arrest is unlawful when it occurs 'without a warrant and without probable cause.'" *Id.* In fact, "an arrest warrant vests an officer with the lawful authority to arrest the named individual" and an arrest pursuant to a warrant generally cannot give rise to a false arrest claim. *Id.* at 1342 (citing *Johnson v. State*, 50 So. 529 (Fla. 1909)).

The Complaint acknowledges that Plaintiff was arrested pursuant to an arrest warrant.[10] *See Woodring*, 2015 WL 2238058 at *3. Conclusory allegations of knowingly and deliberately, or with a reckless disregard of the truth, making false or material omissions in an affidavit for an arrest warrant do not give rise to a claim for false arrest when the arrest is pursuant to an arrest warrant. *Eiras*, 239 F. Supp. at 1342; *Smith v. Sheriff, Clay Cnty, Fla.*, 506 Fed. App'x 894, 898 (11th Cir. 2013); *Jones v. Cannon*, 174 F.3d 1271, 1287 (11th Cir. 1999). Plaintiff's Complaint only contains legal conclusions regarding his claim for false arrest, therefore, dismissal is

---

[10] (Doc. 22) Third Amended Complaint ¶ 11.

warranted. *See generally Eira v. Florida*, 239 F. Supp. 3d 1331 (M.D. Fla. 2017) (dismissing complaint alleging false arrest based on a warrant with false statements after reviewing the supporting affidavit and finding that the complaint failed to state a claim because the underlying arrest was pursuant to lawful authority).

### E. Detective Robbins is immune from suit for false arrest pursuant to Section 768.28(9)(a), Florida Statutes

Under Florida law, individual officers are immune from individual liability for tort claims that occurred in the scope of their employment. Specifically, Section 768.28(9)(a) provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). "Where bad faith, malicious purpose, or wanton and willful disregard is not shown, the exclusive remedy for injury or damages suffered as a result of such act of the officer shall be by action against the governmental entity, the head of such entity in his or her official capacity, or the constitutional officer of which the officer is an employee." *Simon v. Murphy*, 895 So. 2d 1245, 1246 (Fla. 4th DCA 2005).

Here, the Complaint fails to contain any factual allegations to support bad faith, malice, or wanton and willful disregard on behalf of Detective Robbins. Instead, the Complaint merely contains conclusory legal allegations that track the language of the statute.[11] Plaintiff alleges that the Affidavit for Arrest Warrant contains false or material omissions; however, this conduct does not rise to the actual malice required by Section 768.28(9)(a), Florida Statutes. *Eiras v. Florida*, 239 F. Supp. 3d 1331, 1345 (M.D. Fla. 2017) (citing *Currera v. Palm Beach Cnt. Sheriff's Office*, 657 Fed. App'x 886, 892 (11th Cir. 2016) (dismissing a complaint on allegations against

---

[11] (Doc. 22) Third Amended Complaint ¶ 38, 40, 42.

police officers who "fabricated evidence and concealed exculpatory evidence" because the allegations "fell short of actual malice."))

Moreover, as detailed above, the actions of Detective Robbins were objectively reasonable under the circumstances and were in the course and scope of his employment with the Division. *See Pace v. City of Palmetto*, 489 F. Supp. 2d 1325, 1336 (M.D. Fla. 2007) (holding that an officer was statutorily immune where his conduct was determined to be objectively reasonable under a qualified immunity analysis). As a result, Detective Robbins is statutorily immune from individual liability for the allegations in the Complaint and Plaintiff's claims should be dismissed.

## CONCLUSION

Based on the foregoing, Defendant, Detective Robbins, requests that the Court enter an Order dismissing the Complaint with prejudice.

Dated this 20th day of August, 2018.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____
Mark G. Alexander
Florida Bar No. 0434078
E-mail: mark.alexander@adblegal.com
Richard J. Delaney II
Florida Bar No. 1002227
E-mail: ricky.delaney@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to Wm. J. Sheppard, Esq., Elizabeth L. White, Esq., Matthew R. Kachergus, Esq., Bryan E. DeMaggio, Esq., Jesse B. Wilkison, Esq., Camille E. Sheppard, Esq., Sheppard, White, Kachergus & DeMaggio, P.A., 215 Washington Street, Jacksonville, Florida 32202 (sheplaw@sheppardwhite.com)

_____
ATTORNEY